## Hildebrand License

*Joseph F. Flanagan,* for appellant.
*Raymond Sobota, Jr.,* for Commonwealth.

BROMINSKI, P. J., April 8, 1970.—This is an appeal by Jeffery L. Hildebrand from the suspension of his motor vehicle operating privileges by the Secretary of Revenue of the Commonwealth of Pennsylvania.

The suspension was assessed against appellant upon his conviction of speeding 75 miles per hour in a 55-miles-per-hour speed zone on January 14, 1969.

It is undisputed that appellant was clocked by a State Police officer in a State Police vehicle with a properly calibrated and tested speedometer for a one-half mile distance, traveling 75 miles per hour in a 55-miles-per-hour traffic area.

He was charged, arrested and convicted of the violation under section 1002(b)(6) of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1002, as amended, 75 PS § 1002(b)(6).

Clearly, his conduct constituted a dangerous violation of that section of The Vehicle Code. Mr. Hilde-

brand was subsequently notified by the Department of Highways, after a departmental hearing, that his driving privileges were being suspended for a period of four months, pursuant to section 604.1(a)(d) of The Vehicle Code, supra. The applicable section provides that:

"(d) In addition to the other provisions of this act relating to the suspension or revocation of operating privileges, in the event that a regular operator under the age of eighteen (18) is involved in an accident for which he is partially or fully responsible in the opinion of the secretary, pleads guilty or nolo contendere, or is convicted of any violation of 'The Vehicle Code,' the secretary may, after a hearing, suspend the operating privileges of such operator or issue him a junior operator's license in lieu of or in addition to said suspension."

The hearing and interview notice given appellant prior to his departmental hearing, was introduced into evidence without objection. It reveals that at the time of this incident, appellant was 17 years of age, although he possessed a regular driver's license. Section 604.1(a)(d) of the code is, therefore, applicable in the instant proceeding. Appellant's contention here is that the secretary acted improperly in that the notice of suspension indicates that it was being effected because of a conviction pursuant to section 1002(b)(8) of the code, rather than the violation of section 1002(b)(6), with which he was accused and convicted, and which conviction must stand.

Appellant cites two cases in support of this proposition: Commonwealth v. Mark, 18 Cumberland 80, and Commonwealth v. Carroll, 18 Cumberland 81. These cases are clearly inapplicable to the within proposition, since they deal with attempted *prosecution* of defendants therein for violation of one section of the code when, in fact, their conduct was cogniza-

ble under another section thereof. The reasoning in those cases is manifestly proper. It is not, however, determinative of the proposition presently before us.

Section 604.1(a)(d), above, accords to the Secretary of Revenue the authority to suspend in the instant situation for *any* violation of The Vehicle Code. Appellant's conduct clearly constituted such a violation of that code that the secretary might suspend. Appellant unquestionably knew the facts and circumstances upon which his suspension was based. We cannot conclude that the mere inclusion of the wrong section in the notice of suspension has in any way violated any provision of the law or worked an injustice or hardship upon appellant in view of the fact that the secretary has the right to suspend in *any* event.

Accordingly, we enter the following

## ORDER

Now, April 8, 1970, at 11:55 a.m., (EST), the appeal of Jeffery L. Hildebrand is dismissed. The order of the Secretary of Revenue suspending his operating privileges for a period of four months is affirmed.